FILED
JUL 18 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:07CR146-MHT |
| ) | [21 U.S.C. 841(a)(1); |
| ROGER LADRELL McCULLOUGH ) | 18 U.S.C. 924(c)(1)(A); |
| ) | 18 U.S.C. 922(g)(1)] |
| ) | |
| ) | INDICTMENT |

The Grand Jury charges that:

## COUNT 1

On or about the 11th day of November, 2006, in Lee County, within the Middle District of Alabama, the defendant,

ROGER LADRELL McCULLOUGH,

did knowingly and intentionally possess with the intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 2

On or about the 11th day of November, 2006, in Lee County, within the Middle District of Alabama, the defendant,

ROGER LADRELL McCULLOUGH,

did knowingly use and carry a Sig Sauer, Model P226, 9mm pistol, a better description being unknown to the Grand Jury, during and in relation to a drug trafficking offense as charged in Count 1 herein, and did possess said firearm in furtherance of a drug trafficking offense charged in Count 1 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 3

On or about the 11th day of November, 2006, in Lee County, within the Middle District of Alabama, the defendant,

ROGER LADRELL McCULLOUGH,

having been convicted of the following felonies, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) February 5, 1997, Possession/Receipt of a Controlled Substance, in the Circuit Court of Lee County, Alabama, case number 97 000071,

2) December 11, 1997, Possession/Receipt of a Controlled Substance, in the Circuit Court of Lee County, Alabama, case number 97 001265,

did knowingly possess in and affecting commerce a Sig Sauer, Model P226, 9mm pistol, a better description being unknown to the Grand Jury, in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION - 1

A. Counts 1 through 3 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation as alleged in Count 1 of this indictment, the defendant,

ROGER LADRELL MCCULLOUGH,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained, directly or indirectly, as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1.

C.  If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

## FORFEITURE ALLEGATION - 2

A.  Counts 1 through 3 of this indictment are hereby repeated and incorporated herein by reference.

B.  Upon conviction for any violation as alleged in Count 2 or Count 3 of this indictment, the defendant,

ROGER LADRELL MCCULLOUGH,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

**Sig Sauer, Model P226, 9mm pistol.**

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

A TRUE BILL:

_Deputy Marilynn Pressley_
Foreperson

_Leura G. Canary_
LEURA G. CANARY
United States Attorney

_John T. Harmon_
JOHN T. HARMON
Assistant United States Attorney

_Clark Morris_
A. CLARK MORRIS
Assistant United States Attorney