IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | CASE NO. 03:07cr146-MHT |
| ) | |
| ROGER LADRELL McCULLOUGH ) | |

**MOTION TO SUPPRESS**

Comes now Defendant Roger Ladrell McCullough, by and through counsel, and shows as follows:

**Issues Presented**

1. This motion to suppress relates to a search of a motor vehicle driven by Defendant Roger Ladrell McCullough on November 11, 2006 in Opelika, Alabama and subsequent statements of Defendant McCullough and a subsequent search of Defendant McCullough's pants pocket.

2. This motion involves the following issues:

    a. Whether the search of a motor vehicle driven by Defendant McCullough in Opelika, Alabama on November 11, 2006 was violative of the Fourth Amendment to the United States Constitution.

    b. Whether subsequent statements made by Defendant McCullough and a search of Defendant McCullough's pants pockets were fruits of the aforementioned search.

1

**Factual Background and Incorporated Memorandum of Law**

3. On November 11, 2006, Defendant McCullough was driving a Dodge Durango automobile in Opelika, Alabama.

4. Defendant McCullough was stopped by officers of the Opelika, Alabama police department.

5. Officers of the Opelika police department questioned Defendant McCullough about an alleged domestic burglary. The officers learned that there was no basis for the allegation of a burglary by Defendant McCullough.

6. After that, the officers continued to detain Defendant McCullough.

7. No reasonable person in Defendant McCullough's position would have reasonably believed he or she was free to leave.

8. Officers of the Opelika police department proceeded to search the automobile driven by Defendant McCullough. In that search, the officers seized marijuana, scales, a money counter, and a handgun.

9. Subsequent to the search and seizure, Defendant McCullough made incriminating statements.

10. Once Defendant McCullough was taken to jail for booking, currency was seized from his pants pockets.

11. "The Fourth Amendment to the United States Constitution protects the right of persons to be free from

unreasonable searches and seizures. U.S. Const. Amend. IV. A seizure takes place 'whenever a police officer accosts an individual and restrains his freedom to walk away.' United States v. Brignono-Ponce, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Traffic stops qualify as seizures under the Fourth Amendment. Delaware v. Pruose, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979)." United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003) (hereinafter "Perkins").

12. Warrantless searches "are per se unreasonable under the Fourth Amendment subject to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). Whether or not a warrant is issued, probable cause is generally required for a search. Carroll v. United States, 267 U.S. 132, 155-156 (1925). Probable cause has been defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Beck v. Ohio, 379 U.S. 89, 91 (1964).

13  Pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a police officer may conduct a brief investigatory stop of a person if the officer has a reasonable suspicion supported by "specific and articulable

facts" that the individual is, or is about to be involved in criminal activity.

    14.  "[A] traffic stop must be 'reasonably related in <u>scope</u> to the circumstances which justified the interference in the first place,' <u>Purcell</u>, 236 F.3d at 1277(citing <u>Terry</u>, 392 U.S. at 20, 88 S.Ct. 1868)..., and may not last 'any longer than necessary to process the traffic violation' unless there is articulable suspicion of other illegal activity. <u>Id</u>. (citing <u>United States v. Holloman</u>, 113 F.3d 192, 196 (11th Cir. 1997)."  <u>Perkins</u>, 348 F.3d at 969.

    15.  A traffic stop may be prolonged only where an officer is able to articulate a reasonable suspicion of other illegal activity beyond the reason for the initial stop.  <u>Perkins</u>, 348 F.3d at 969.  "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification. <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)(quoting <u>United States v. Sokolow</u>, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)." <u>Perkins</u>, 348 F.3d at 969.

4

16. An 'inchoate and unparticularized suspicion' or 'hunch' of criminal activity" is not enough to satisfy the minimum level of objectivity required. <u>Wardlow</u>, 528 U.S. at 124, 120 S.Ct. 673 (quoting <u>Terry</u>, 392 U.S. at 27, 88 S.Ct. 1868).

17. The circumstances in this case did not give rise to the requisite reasonable suspicion justifying continued detention of Defendant McCullough after the officers learned that there was no basis for the burglary allegation. Further, the circumstances did not give rise to authorization to search the automobile driven by Defendant McCullough. Thus, all evidence obtained from searches in this case and all statements made by Defendant McCullough in this case are inadmissible under the exclusionary rule as violative of the Fourth Amendment.

WHEREFORE, Defendant Roger Ladrell McCullough moves this Court to set this motion for a hearing, and upon hearing evidence and arguments, to enter an order suppressing the fruits of the searches and interrogations complained of herein.

**s/ Thomas M. Goggans**
Ala. State Bar No. 2222-S45-T
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Roger Ladrell McCullough

6

```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF ALABAMA
                  EASTERN DIVISION

UNITED STATES OF AMERICA    )
                            )
VS.                         )   CASE NO. 3:07cr146-MHT
                            )
ROGER LADRELL McCULLOUGH    )
```

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 8th day of October, 2007, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of each of the following: A. Clark Morris, John T. Harmon.

```
                    s/ Thomas M. Goggans
                    Ala.  S.J.I.S. GOG001
                    2030 East Second Street
                    Montgomery AL 36106
                    PH: 334.834.2511
                    FX: 334.834.2512
                    e-mail: tgoggans@tgoggans.com

                    Attorney for Defendant
                    Roger Ladrell McCullough
```