

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
PROBATION OFFICE
# MEMORANDUM

| | |
|---|---|
| <u>TO:</u> | The Honorable Myron H. Thompson, United States District Judge |
| <u>REPLY TO ATTN OF:</u> | M. Stanford Robinson, United States Probation Officer |
| <u>SUBJECT:</u> | United States of America vs. Roger Ladrell McCullough<br>Docket Number: 3:07CR146-MHT<br>**BRIEF ON DEFENDANT'S OBJECTION TO PARAGRAPH 38 REGARDING PRIOR CONVICTION** |
| <u>DATE:</u> | March 19, 2008 |

Roger McCullough appeared in Court for sentencing on February 21, 2008.  Sentencing was continued until April 2, 2008, to allow the probation officer and counsel for both the United States and the defendant to address the objection raised by the defendant regarding a prior conviction in his criminal history.  At issue is the defendant's criminal history category, which, if the conviction was not counted, would result in the defendant criminal history category being reduced from V to IV.  His guideline range would then be reduced from 46 to 57 months to 37 to 46 months.

Specifically, the defendant stated the following,"Paragraph 38 states that the listed case in the criminal history was appealed from the District Court of Lee County to the Circuit Court of Lee County.  The presentence report does not specifically state the adjudication, if any, in the Circuit Court of Lee County.  Because appeals from district court to circuit court in Alabama are <u>de novo</u>, if there is no adjudication of guilt after the appeal, no points should be assigned."

The probation officer responded with the following, " The probation officer relies on U.S.S.G. § 4A1.2(l) which states that 'Prior sentences under appeal are to be counted.  In the case of a prior sentence, the execution of which has been stayed pending appeal, § 4A1.1(a), (b), (c), (d), and (f) shall apply as if the execution of such sentence had not been stayed; 4A1.1(e) shall not apply.'  Court records reflect that the defendant appealed the sentence in Lee County District Court Case 00 DC 1087 and 1088.  The case was heard in Lee County Circuit Court as 00 CC 479 and 480.  Records reflect that the case in circuit court was dismissed and the case was remanded back to the district court for imposition of sentence.  On February 14, 2008, the Lee County Clerk's Office confirmed that a warrant has been issued in this case and that service of the sentence remains pending."  Indeed, at the sentencing hearing, the probation officer provided the Court with Lee County District Court Case Summaries of 00 DC 1087 and 00 DC 1088.

The probation officer relies on a plain reading of the documents which state that the sentence was remanded back to district court on September 15, 2000, and that the related circuit court case was dismissed.  There have been two warrants issued for the defendant's arrest in this matter issued by the Lee County District Court, the first was issued on September 15, 2000, and the second was issued on April 30, 2002.  On March 19, 2008, the probation officer again contacted the Lee County District Court and confirmed that there is still a warrant for the defendant's arrest to begin service of this sentence.  The probation officer believes that the sentence is no longer under appeal.

Page 2
McCullough

Additionally, the probation officer believes that defendant has a conviction and has been sentenced, but has not yet served his sentence. Therefore, he should receive two criminal history points and his criminal history category should remain V.

                                                Respectfully submitted,

                                                /s/ M. Stanford Robinson
                                                M. Stanford Robinson
                                                United States Probation Officer

Reviewed and Approved by:

/s/ Scott Wright
Scott Wright
Supervisory U.S. Probation Officer