IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | CASE NO. 3:07cr146-MHT |
| ) | |
| ROGER LADRELL McCULLOUGH ) | |

**DEFENDANT'S RESPONSE TO ORDER REGARDING
OBJECTION TO PRESENTENCE REPORT**

Defendant Roger Ladrell McCullough's objection to paragraph 38 of the presentence report was stated as follows: "Paragraph 38 states that the listed case in the criminal history was appealed from the District Court of Lee County to the Circuit Court of Lee County. The presentence report does not specifically state the adjudication, if any, in the Circuit Court of Lee County. Because appeals from district court to circuit court in Alabama are de novo, if there is no adjudication of guilt after the appeal, no points should be assigned."

Paragraph 38 refers to resisting arrest and possession of a pistol without a license charges in Lee County. As best as counsel can now determine, the time table on those cases is as follows:

| | |
|---|---|
| August 11, 2000 | The Circuit Court of Lee County dismissed McCullough's de novo appeals on a failure to appear and remanded the cases to the District Court of Lee County |
| November 2, 2000 | The Circuit Court of Lee County reinstated the de novo appeals in the cases |
| December 11, 2000 | The Circuit Court of Lee County again dismissed McCullough's de novo appeals and remanded the cases to the District Court of Lee County |
| April 30, 2002 | The District Court of Lee County issued an alias warrant in the cases |

1

As reflected in paragraph 39 of the presentence report, in September of 2001, Defendant was sentenced to 365 days in jail on an assault in the third degree charge in the Circuit Court of Lee County. Although McCullough commenced service of that sentence on that date, the records in Lee County seem to indicate that the sentences in the resisting arrest case and the possession of a pistol without a license case were not formally executed. The probation office reports that a warrant for service of those sentences is outstanding.

In Alabama state courts, "[a] defendant convicted of an offense in … a district court shall have the right to appeal the judgment … to the circuit court for a trial de novo." Rule 30.1(a), Ala.R.Crim.P. "'A trial de novo means that the slate is wiped clean and a trial in the Circuit Court is had without any consideration being given to the prior proceedings in another court.'" Ex parte Dison, 469 So.2d 662 (Ala. 1984). Rule 30.5, Ala.R,Crim.P. does provide that "[w]here the appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court's judgment." It appears that happened in this instance. Although the documentation obtained to date does not reflect a formal entry for enforcement of any judgment thereafter by the District Court of Lee County on the resisting and pistol cases after the second remand, Defendant McCullough concedes that the Committee Comments to Rule 30.5, Ala.C.Crim.P. states: "If the defendant who has appealed from the conviction fails without cause to pursue the appeal at trial, the remedy is dismissal of the appeal and automatic reinstatement of the judgment appealed from." See also, Eason v. State, 929 So.2d 992, 995 (Ala. 2005)("Because a judgment of conviction does not have to be phrased in formal language or include particular words of adjudication, we hold that if the record is clear that the trial court intended to adjudicate a defendant guilty and the sentence order necessarily

2

involves the substance of the adjudication, then a judgment of conviction has been entered…."). However, Application Note 2 to U.S.S.G. § 4A1.2 states: "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time.)  In this case, according to the information provided by the probation officer, McCullough has yet to serve any sentence on the resisting arrest or possession of a pistol without a license cases.  Thus, assignment of 2 points under U.S.S.G. § 4A1(b) in paragraph 38 is inappropriate. If anything other than 0 points is assigned it should be only 1 point under U.S.S.G. § 4A1(c).

                                              **s/ Thomas M. Goggans**
Ala. State Bar No. 2222-S45T
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512

Attorney for Defendant
Roger Ladrell McCullough

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 3:07cr146-MHT |
| | ) |
| ROGER LADRELL McCULLOUGH | ) |

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 26th day of March, 2008, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification to each of the following: A. Clark Morris, Tommie Brown Hardwick.

**s/ Thomas M. Goggans**
Ala. S.J.I.S. GOG001
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Roger Ladrell McCullough

4